B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of South Carolina | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Crailar Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Naturally Advanced Technologies US Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>c/o Lawson Lundell LLP: 1600 - 925 W. Georgia Street<br>Vancouver, British Columbia V6C 3L2<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>1728 N. Old River Road, Pamplico, South Carolina    ZIP CODE 29583 | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7     ☑ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                            Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br>Canada<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending:<br>Canada | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code) | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Crailar Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>      Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☑  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Crailar Inc. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
    Telephone Number (if not represented by attorney)

_____
    Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☑ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X    /s/ Martin Hyatt
    (Signature of Foreign Representative)

    The Bowra Group Inc.
    (Printed Name of Foreign Representative)

    11/20/2015
    Date

### Signature of Attorney*

X    /s/ Lawrence Hershon
    Signature of Attorney for Debtor(s)

    Parker Poe Adams & Bernstein LLP
    Printed Name of Attorney for Debtor(s)
    Firm Name

    1201 Main Street, Suite 1450
    Columbia, South Carolina 29201
    Address

    803.255.8000
    Telephone Number

    11/20/2015
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
    Signature

_____
    Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual

_____
    Printed Name of Authorized Individual

_____
    Title of Authorized Individual

_____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| CRAILAR INC., | ) | |
| | ) | Case No. |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007 AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The foreign representative does hereby file this Corporate Ownership Statement in accordance with Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure, stating as follows:

Corporations that directly or indirectly own 10% or more of any class of equity interests of Crailar Inc. are as follows: Crailar Technologies Inc. (100%).

This the 20 th day of November, 2015.

THE BOWRA GROUP INC., in its capacity as Monitor for Crailar Inc. pursuant to the Order Made After Application entered in the Supreme Court of British Columbia on November 9, 2015

_____

Martin Hyatt
Title: Senior Vice President

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| CRAILAR INC., | ) | |
| | ) | Case No. |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## STATEMENT REGARDING KNOWN FOREIGN PROCEEDINGS

I, Martin Hyatt, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, based upon my knowledge, information and belief as follows:

1.     I am the Senior Vice President of The Bowra Group Inc. (the "Foreign Representative"), the authorized foreign representative of the above captioned debtor, which has filed, along with its affiliates Crailar Technologies Inc., Hemptown USA Inc., 0697872 B.C. Ltd., Crailar Fiber Technologies Inc., and HTnaturals Apparel Corp., an application in a foreign proceeding (the "CCAA Proceeding") under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, before the Supreme Court of British Columbia.

2.     I respectfully submit this statement, as required under section 1515(c) of Title 11 of the United States Code (the "Bankruptcy Code"), in support of the Chapter 15 petition filed by the Foreign Representative seeking recognition by this Court of the CCAA Proceeding as a foreign main proceeding.

3.     Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to my knowledge, the CCAA Proceeding is the only "foreign proceeding" of any kind pending with respect to Crailar Inc. as that term is defined in section 101(23) of the Bankruptcy Code.

This the 20th day of November, 2015.

THE BOWRA GROUP INC., in its capacity as
Monitor for Crailar Inc. pursuant to the Order Made
After Application entered in the Supreme Court of
British Columbia on November 9, 2015

_____

Martin Hyatt
Title: Senior Vice President

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 |
| CRAILAR INC., | ) |
| | ) Case No. |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

### LIST PURSUANT TO FEDERAL BANKRUPTCY RULE 1007(a)(4)

1.      Names and addresses of all persons or bodies authorized to administer foreign

proceedings of the Debtor:

> Martin Hyatt
> The Bowra Group Inc.
> One Bentall Centre, Suite 430
> 505 Burrad Street
> Vancouver, BC V7X 1M3
>
> David Bowra, President
> The Bowra Group Inc.
> One Bentall Centre, Suite 430
> 505 Burrad Street
> Vancouver, BC V7X 1M3
>
> Gordon Brown, Associate
> The Bowra Group Inc.
> One Bentall Centre, Suite 430
> 505 Burrad Street
> Vancouver, BC V7X 1M3

2.      Names and addresses of all parties to litigation pending in the United States in

which the Debtor is a party:

> Colony Square Investment Company, LLC
> c/o Randolph W. Cooper, Registered Agent
> 200 Church Street
> Mount Pleasant, South Carolina 29464
>
> Watford Industry, Inc.
> 1651 Eastland Ave
> Kingstree, SC 29556

J. Thomas Thompson
PO Drawer 669
Kingstree SC 29556
Attorney for Watford Industry, Inc.

Laroche S.A.
B.P. 21 – Rue de Thizy
69470 Cours La Ville – France

Douglas Pratt-Thomas
16 Charlotte St.
Charleston, S.C. 29407
PO Drawer 22247
Charleston, S.C. 29413-2247
Attorney for Laroche, S.A.

Triple P Farms
4472 Mill House Road
Johnsonville SC 29555

Steven Deberry
129 S Coit Street
Florence, SC 29503
Attorney for Triple P. Farms

Handling Solutions LLC
PO Box 473355
Charlotte NC 28247

John Hofler, III
PO Drawer 1931
Florence, SC 29503
Attorney for Handling Solutions LLC

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

NOV 09 2015

ENTERED

No. 315 9184
**Vancouver Registry**

## IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C.
1985, c. C-36

AND

IN THE MATTER OF



SUPREME COURT
OF BRITISH COLUMBIA

S E A L

VANCOUVER
REGISTRY

**CRAILAR TECHNOLOGIES INC.
CRAILAR INC.
HEMPTOWN USA INC.
0697872 B.C. LTD.
CRAILAR FIBER TECHNOLOGIES INC.
HTNATURALS APPAREL CORP.**

**PETITIONERS**

## ORDER MADE AFTER APPLICATION

| BEFORE THE HONOURABLE | ) | MONDAY, THE 9th DAY |
|---|---|---|
|  | ) |  |
| MR. JUSTICE MASUHARA | ) | OF NOVEMBER, 2015 |
|  | ) |  |
|  | ) |  |

THE APPLICATION of the Petitioners coming on for hearing at Vancouver, British Columbia,
on the 4th day of October, 2015 (the "**Order Date**"); AND ON HEARING
Heather M.B. Ferris, counsel for the Petitioners ~~and other counsel as listed on Schedule "A"~~
~~hereto;~~ AND UPON READING the material filed, including the Affidavit #1 of Lesley Hayes
sworn November 6, 2015, and Affidavit #1 of Amanda Simister, sworn November 5, 2015,
AND pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 (the
"**CCAA**"), Rules 3, 10, 12, 13(1), 13(6), 14 and 44 of the Rules of Court and the inherent
jurisdiction of this Honourable Court:

THIS COURT ORDERS AND DECLARES THAT:

**JURISDICTION**

1.      The Petitioners are companies to which the CCAA applies.

**SUBSEQUENT HEARING DATE**

2.      The hearing of the Petitioner's application for an extension of the Stay Period (as defined in paragraph 15 of this Order) and for any ancillary relief shall be held at the Courthouse at 800 Smithe Street, Vancouver, British Columbia at ~~10:00~~ 9:00 a.m. on Wednesday November 25, 2015 or such other date as this Court may order.

**PLAN OF ARRANGEMENT**

3.      The Petitioner shall have the authority to file and may, subject to further order of this Court, file with this Court a plan of compromise or arrangement (hereinafter referred to as the "**Plan**").

**POSSESSION OF PROPERTY AND OPERATIONS**

4.      Subject to this Order and any further Order of this Court, the Petitioners shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"), and continue to carry on their business in the ordinary course and in a manner consistent with the preservation of its business (the "**Business**") and Property. The Petitioners shall be authorized and empowered to continue to retain and employ the employees, consultants, agents, experts, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by it, with liberty to retain such further Assistants as it deems reasonably necessary or desirable in the ordinary course of business or for carrying out the terms of this Order.

5.      The Petitioners shall be entitled, but not required, to pay the following expenses which may have been incurred prior to the Order Date:

(a)     all outstanding wages, salaries, employee and pension benefits (including long and short term disability payments), vacation pay, bonuses and expenses (but excluding severance pay, unless such amounts are payable under the laws applicable in the Country in which the employees are located) payable before or after the Order Date, in each case incurred in the ordinary course of business and consistent with the relevant compensation policies and arrangements existing at the time incurred (collectively "**Wages**"); and

(b)     the fees and disbursements of any Assistants retained or employed by the Petitioner in respect of these proceedings, at their standard rates and charges, including payment of the fees and disbursements of legal counsel retained by the Petitioner, whenever and wherever incurred, in respect of:

(i)     these proceedings or any other similar proceedings in other jurisdictions in which the Petitioner or any subsidiaries or affiliated companies of the Petitioner are domiciled;

      (ii)    any litigation in which the Petitioner is named as a party, whether commenced before or after the Order Date; and

      (iii)   any related corporate matters;

necessary to assist in the restructuring of the Petitioners.

6.    Except as otherwise provided herein, the Petitioners shall be entitled to pay all expenses reasonably incurred by the Petitioners in carrying on the Business in the ordinary course following the Order Date, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

    (a)    all expenses reasonably incurred for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors' and officers' insurance), maintenance and security services;

    (b)    all capital expenditures reasonably incurred for the preservation of the Property or the Business as approved by the Monitor, as hereinafter defined in paragraph 25;

    (c)    all obligations incurred by the Petitioners after the Order Date, including without limitation, with respect to goods and services actually supplied to the Petitioner following the date of this Order (including those under purchase orders outstanding at the Order Date but excluding any interest on the Petitioner's obligations incurred prior to the Order Date);

    (d)    amounts outstanding to creditors for goods and services provided prior to the Order Date where expressly authorized by this Order or any further Order of this Court; and

    (e)    fees and disbursements of the kind referred to in paragraph (b) which may be incurred after the Order Date.

7.    The Petitioners are authorized to remit, in accordance with legal requirements, or pay:

    (a)    any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority including in the United States which are required to be deducted from Wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes or any such claims which are to be paid pursuant to Section 18.2 of the CCAA;

    (b)    all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Petitioners in connection with the sale of goods and services by the Petitioners, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal property taxes, municipal business taxes or other taxes, assessments or levies of any nature or kind which may at law be payable in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Petitioner.

8.   Until such time as the Petitioners deliver a notice in writing to repudiate a real property lease in accordance with paragraph (b)(iv) of this Order (a "**Notice of Repudiation**"), the Petitioners shall pay all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable as rent to the landlord under the lease) based on the terms of existing lease arrangements or as otherwise may be negotiated between any of the Petitioners and the landlord from time to time, for the period commencing from and including the date of this Order (the "**Rent**"), twice-monthly in equal payments on the first and fifteenth day of the month in advance (but not in arrears).  On the date of the first of such payments, any arrears relating to the period commencing from and including the date of this Order shall also be paid.  Upon delivery of a Notice of Repudiation, the Petitioners shall pay all Rent due for the notice period stipulated in paragraph (b)(iv) of this Order, to the extent that Rent for such period has not already been paid.

9.   Until such time as the Petitioners repudiate any equipment lease in accordance with paragraph (b)(v) of this Order, and provided that the equipment lease is a true lease and not a financing lease creating a security interest, the Petitioners may pay all amounts or payable under such leases based on the terms of existing lease arrangements or as otherwise may be negotiated by the Petitioners from time to time, for the period commencing from and including the date of this Order, but shall not pay any amount with respect to pre-Order Date arrears.

10.  Except as specifically permitted herein, the Petitioners are hereby directed, until further Order of this Court:

(a)     to make no payments of principal, interest or otherwise on account of amounts owing by the Petitioners to any of their creditors as of the Order Date except as authorized by this Order;

(b)     to grant no security interests, trust, mortgages, liens, charges or encumbrances upon or in respect of any of their Property, nor become a guarantor or surety, nor otherwise become liable in any manner with respect to any other person or entity except as authorized by this Order; and

(c)     to grant credit only to the customers of its business and then only for goods and services actually supplied to those customers and on payment terms ordinarily granted by the Petitioner in the usual course of its business, and only upon the customer agreeing that there is no right of set-off in respect of amounts owing for

such goods and services against any debt owing by the Petitioner to such customers as of the Order Date.

**RESTRUCTURING**

11.   Subject to the terms of this Order, the Petitioners shall remain in possession of its Property and Business, provided that:

(a)   it shall not sell or otherwise dispose of any of its Property or Business outside of the ordinary course of business except pursuant to this paragraph or as may be authorized by an Order of the Court; and

(b)   it shall have the right, subject to the consent of the Monitor, to proceed with an orderly downsizing of the Business and operations, including without limitation, the right to:

(i)   permanently or temporarily cease, downsize or shut down any of their Business or operations, and to dispose of redundant or non-material assets not exceeding a value of $50,000 in any one transaction or $150,000 in the aggregate;

(ii)   terminate the employment of such of its employees or temporarily lay off such of its employees as it deems appropriate on such terms as may be agreed upon between the Petitioners and such employee, or failing such agreement, to deal with the consequences thereof in the Plan;

(iii)   terminate such of their supplier arrangements as they deem appropriate;

(iv)   in accordance with paragraphs 12 and 13 of this Order, vacate, abandon or quit the whole but not part of any leased premises and/or repudiate any real property lease and any ancillary agreements relating to any leased premises, on not less than [seven (7)/fourteen (14)] days notice in writing to the relevant landlord on such terms as may be agreed upon between the Petitioner and such landlord, or failing such agreement, to deal with the consequences thereof in the Plan;

(v)   repudiate such leases of equipment as it deems to be unnecessary for its business, on such terms as may be agreed upon between the Petitioners and the lessor of such equipment, or failing such agreement, to deal with the consequences thereof in the Plan;

(vi)   terminate or repudiate such of its arrangements or agreements of any nature whatsoever as the Petitioners deem appropriate, on such terms as may be agreed upon between the Petitioners and such counter-parties, or failing such agreement, to deal with the consequences thereof in the Plan; and

(vii)    pursue all sources of refinancing and offers for material parts of its Business or Property, in whole or part, subject to prior approval of this Court being obtained before any material refinancing or any sale, except as permitted by subparagraph (b)(i), above;

all of the foregoing to permit the Petitioners to proceed with an orderly restructuring of the Business (the "**Restructuring**").

12.    The Petitioners shall provide each of the relevant landlords with notice of the any of the Petitioner's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal.  The relevant landlord shall be entitled to have a representative present on the leased premises to observe such removal and, if the landlord disputes that Petitioner's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any secured creditors who claim a security interest in the fixtures, such landlord and that Petitioner, or by further Order of this Court upon application by the Petitioners on at least two (2) clear days' notice to such landlord and any such secured creditors.  If any Petitioner repudiates the lease governing such leased premises in accordance with paragraph (iv) of this Order, it shall not be required to pay Rent under such lease pending resolution of any such dispute (other than Rent payable for the notice period provided for in paragraph (iv) of this Order), and the repudiation of the lease shall be without prejudice to the Petitioners' claim to the fixtures in dispute.

13.    If a Notice of Repudiation is delivered, then (a) during the notice period prior to the effective time of the repudiation, the landlord may show the affected leased premises to prospective tenants during normal business hours, on giving the Petitioners and the Monitor 24 hours prior written notice, and (b) at the effective time of the repudiation, the landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims or rights such landlord may have against the Petitioners in respect of such lease or leased premises and such landlord shall be entitled to notify the Petitioners of the basis on which it is taking possession and to gain possession of and re-lease such leased premises to any third party or parties on such terms as such landlord considers advisable, provided that nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

14.    Pursuant to Section 7(3)(c) of the *Personal Information Protection and Electronics Documents Act*, S.C. 2000, c. 5 and Section 18(1)(o) of the *Personal Information Protection Act*, S.B.C. 2003, c. 63, and any regulations promulgated under authority of either Act, as applicable (the "**Relevant Enactment**"), the Petitioners are permitted, in the course of these proceedings, to disclose personal information of identifiable individuals in its possession or control to stakeholders, its advisors, prospective investors, financiers, buyers or strategic partners (collectively, "**Third Parties**"), but only to the extent desirable or required to negotiate and complete the Restructuring or to prepare and implement the Plan or transactions for that purpose; provided that the Third Parties to whom such personal information is disclosed enter into confidentiality agreements with the Petitioners binding them in the same manner and to the same extent with respect to the collection, use and disclosure of that information as if they were an organization as

defined under the Relevant Enactment, and limiting the use of such information to the extent desirable or required to negotiate and complete the Restructuring or to prepare and implement the Plan or transactions for that purpose, and attorning to the jurisdiction of this Court for the purposes of that agreement. Upon the completion of the use of personal information for the limited purposes set out herein, the Third Parties shall return the personal information to the Petitioner or destroy it. If the Third Parties acquire personal information as part of the Restructuring or the preparation and implementation of the Plan or transactions in furtherance thereof, such Third Parties may, subject to this paragraph and any Relevant Enactment, continue to use the personal information in a manner which is in all respects identical to the prior use thereof by the Petitioners.

## STAY OF PROCEEDINGS, RIGHTS, AND REMEDIES

15.  Until and including Wednesday November 25, 2015, or such later date as this Court may order (the "**Stay Period**"), no action, suit or proceeding in any court or tribunal (each, a "**Proceeding**") against or in respect of any of the Petitioners or Monitor, or affecting the Business or the Property, shall be commenced or continued except with the written consent of the Petitioners and the Monitor or with leave of this Court, and any and all Proceedings currently under way against or in respect of any of the Petitioners or affecting the Business or the Property are hereby stayed and suspended during the Stay Period pending further Order of this Court.

16.  During the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Petitioner or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Petitioner and the Monitor or leave of this Court.

17.  Nothing in this Order, including paragraphs 15 and 16, shall: (i) empower the Petitioner to carry on any business which the Petitioner is not lawfully entitled to carry on; (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA; (iii) prevent the filing of any registration to preserve or perfect a mortgage, charge or security interest (subject to the provisions of Section 39 of the CCAA relating to the priority of statutory Crown securities); or (iv) prevent the registration or filing of a lien or claim for lien or the commencement of a Proceeding to protect lien or other rights that might otherwise be barred or extinguished by the effluxion of time, provided that no further step shall be taken in respect of such lien, claim for lien or Proceeding except for service of the initiating documentation on the Petitioner.

## NO INTERFERENCE WITH RIGHTS

18.  During the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Petitioner, except with the written consent of the Petitioner and the Monitor or leave of this Court.

**CONTINUATION OF SERVICES**

19.   During the Stay Period, all Persons having oral or written agreements with the Petitioner or mandates under an enactment for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation, services, utility or other services to the Business or the Petitioner, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with, or terminating the supply of such goods or services as may be required by the Petitioner, and that the Petitioner shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the Order Date are paid by the Petitioner in accordance with normal payment practices of the Petitioner or such other practices as may be agreed upon by the supplier or service provider and the Petitioner and the Monitor, or as may be ordered by this Court.

**NON-DEROGATION OF RIGHTS**

20.   Notwithstanding any provision in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the Order Date, nor shall any Person be under any obligation to advance or re-advance any monies or otherwise extend any credit to the Petitioner on or after the Order Date. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

21.   During the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against the directors or officers of the Petitioner with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Petitioner whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Petitioner, if one is filed, is sanctioned by this Court or is refused by the creditors of the Petitioner or this Court. Nothing in this Order, including in this paragraph, shall prevent the commencement of a Proceeding to preserve any claim against a director or officer of the Petitioner that might otherwise be barred or extinguished by the effluxion of time, provided that no further step shall be taken in respect of such Proceeding except for service of the initiating documentation on the applicable director or officer.

**DIRECTORS AND OFFICERS INDEMNIFICATION AND CHARGE**

22.   The Petitioners shall indemnify its directors and officers against obligations and liabilities that they may incur as directors or officers of the Petitioners after the commencement of the within proceedings, except to the extent that, with respect to any director or officer,

the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

23.    The directors and officers of the Petitioner shall be entitled to the benefit of and are hereby granted a charge (the **"Directors' Charge"**) on the Property, which charge shall not exceed an aggregate amount of $50,000, as security for the indemnity provided in paragraph 22 of this Order.  The Directors' Charge shall have the priority set out in paragraphs 35 and 37 herein.

24.    Notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Petitioner's directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 22 of this Order

## APPOINTMENT OF MONITOR

25.    The Bowra Group Inc. is hereby appointed pursuant to the as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Petitioner with the powers and obligations set out in the CCAA or set forth herein, and that the Petitioner and its shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Petitioner pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

26.    The Monitor, in addition to its rights and obligations specifically set out in the CCAA, is hereby directed and empowered to:

(a)    monitor the Petitioners' receipts and disbursements;

(b)    report to this Court and the creditors at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, the Restructuring and such other matters as may be relevant to the proceedings herein;

(c)    advise the Petitioners as to the preparation of the Petitioners' cash flow statements and reporting and such financial and other information as required by the debentureholders;

(d)    advise the Petitioner as to the development of any Plan authorized to be presented to the creditors, and any amendments to the Plan;

(e)    assist the Petitioners, to the extent required by the Petitioners, with the holding and administering of creditors' or shareholders' meetings for voting on the Plan;

    (f)      have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Petitioner, to the extent that is necessary to adequately assess the Petitioners' business and financial affairs or to perform its duties arising under this Order;

    (g)      be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

    (h)      take all reasonable steps to ensure that the Petitioners make payment of all required amounts from its bank accounts or otherwise in the manner directed in this Order; and

    (i)      perform such other duties as are required by this Order or by this Court from time to time.

27.    The Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, or by inadvertence in relation to the due exercise of powers or performance of duties under this Order, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof, and nothing in this Order shall be construed as resulting in the Monitor being an employer or a successor employer, within the meaning of any statute, regulation or rule of law or equity, for any purpose whatsoever.

28.    Nothing herein contained shall require or allow the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, **"Possession"**) of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the *Fisheries Act*, the British Columbia *Environmental Management Act*, the British Columbia *Fish Protection Act* and regulations thereunder (the **"Environmental Legislation"**), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. For greater certainty, the Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession

29.    The Monitor shall provide any creditor of the Petitioners with information provided by the Petitioners in response to reasonable requests for information made in writing by the Lender or such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information provided by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Petitioners is confidential, the Monitor shall not provide such information to the Lender

or the creditors unless otherwise directed by this Court or on such terms as the Monitor and the Petitioners may agree.

30.   In addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the rights and protections afforded the Monitor by the CCAA or any applicable legislation.

31.   The Monitor shall be at liberty to post any report relating to the subject matter of this proceeding on the Monitor's web site at www.bowragroup.com in lieu of mailing such reports to creditors of the Petitioner or to any other interested parties.

## ADMINISTRATION CHARGE

32.   The Monitor, counsel to the Monitor, if any, and counsel to the Petitioners shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, by the Petitioners as part of the cost of these proceedings. The Petitioners are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor and counsel to the Petitioners on a periodic basis and, in addition, the Petitioners are hereby authorized to pay to the Monitor, counsel to the Monitor a retainer in the amount of $40,000 and counsel to the Petitioners a retainer in the amount of $25,000 to be held by each of them as security for payment of their respective fees and disbursements outstanding from time to time.

33.   The Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the British Columbia Supreme Court who may determine the manner in which such accounts are to be passed, including by hearing the matter on a summary basis or referring the matter to a Registrar of this Court.

34.   The Monitor, counsel to the Monitor, if any, and counsel to the Petitioners shall be entitled to the benefits of, and are hereby granted, a charge (the "**Administration Charge**") on that portion of the Property situated within Canada, and over that portion of the Property situated within the State of South Carolina, subject to the recognition of this Order under paragraph 35 below by the South Carolina bankruptcy court, which charge shall not exceed an aggregate amount of $300,000 as security for payment of their respective fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 35 and 36 hereof.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

35.   The priorities of the Administration Charge and the Directors' Charge shall be as follows:

First – Administration Charge (to the maximum amount of $300,000); and

Second - Director's Charge (to the maximum amount of $50,000)

36.    Any security documentation evidencing, or the filing, registration or perfection of, the Administration Charge and the Directors' Charge (collectively, the "**Charges**") shall not be required, and that the Charges shall be effective as against the Property and shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered or perfected subsequent to the Charges coming into existence, notwithstanding any failure to file, register or perfect any such Charges.

37.    Each of the Charges shall constitute a mortgage, security interest, assignment by way of security and charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, mortgages, charges and encumbrances and claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**"), in favour of any Person.

38.    Except as otherwise expressly provided herein, or as may be approved by this Court, the Petitioners shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with the Charges, unless the Petitioners obtain the prior written consent of the Monitor and the beneficiaries of the Charges.

39.    The Administration Charge and the Director's Charge shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") and/or shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to the BIA or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, mortgage, security agreement, debenture, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Petitioner; and notwithstanding any provision to the contrary in any Agreement:

(a)    neither the creation of the Charges shall create or be deemed to constitute a breach by the Petitioners of any Agreement to which it is a party;

(b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)    the payments made by the Petitioners pursuant to this Order and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

40.    Any Charge created by this Order over leases of real property in Canada shall only be a Charge against any of the Petitioners' interest in such real property leases.

## SERVICE AND NOTICE

41.    The Monitor shall (i) without delay, publish in the Vancouver Sun a notice containing the information prescribed under the CCAA, (ii) within five days after Order Date, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, in the prescribed manner, a notice to every known creditor who has a claim against the Petitioner of more than $1000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder.

42.    The Petitioner and the Monitor are at liberty to serve this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or electronic transmission to the Petitioner's creditors or other interested parties at their respective addresses as last shown on the records of the Petitioner and that any such service or notice by courier, personal delivery or electronic transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

43.    Any Person that wishes to be served with any application and other materials in these proceedings must deliver to the Monitor by way of ordinary mail, courier, personal delivery, or electronic transmission a request to be added to a service list (the "**Service List**") to be maintained by the Monitor. The Monitor shall post and maintain an up to date form of the Service List on its website at: www.bowragroup.com.

44.    Any party to these proceedings may serve any court materials in these proceedings by emailing a PDF or other electronic copy of such materials to counsels' email addresses as recorded on the Service List from time to time, and the Monitor shall post a copy of all prescribed materials on its website at: www.bowragroup.com.

45.    Notwithstanding paragraphs 42 and 44 of this Order, service of the Petition, the Notice of Hearing of Petition, any affidavits filed in support of the Petition and this Order shall be made on the Federal and British Columbia Crowns in accordance with the *Crown Liability and Proceedings Act*, R.S.C. 1985, c. C-50, and regulations thereto, in respect of the Federal Crown, and the *Crown Proceeding Act*, R.S.B.C. 1996, c. 89, in respect of the British Columbia Crown.

## GENERAL

46.    The Petitioners or the Monitor may from time to time apply to this Court for advice and directions in the discharge of their respective powers, duties, and obligations hereunder.

47.  Nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of any or all of the Petitioners, the Business or the Property.

48.  THIS COURT REQUESTS the aid and recognition of other Canadian and foreign Courts, tribunal, regulatory or administrative bodies, including any Court or administrative tribunal of any federal or State Court or administrative body in the United States of America, to act in aid of and to be complementary to this Court in carrying out the terms of this Order where required.    All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Petitioner and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Petitioner and the Monitor and their respective agents in carrying out the terms of this Order.

49.  Each of the Petitioner and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and the Monitor is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada, including acting as a foreign representative of the Petitioner to apply to the United States Bankruptcy Court for relief pursuant to Chapter 15 of the *United States Bankruptcy Code*, 11 U.S.C. §§ 101-1330, as amended.

50.  Any of the Petitioners may (subject to the provisions of the CCAA and the BIA) at any time file a voluntary assignment in bankruptcy or a proposal pursuant to the commercial reorganization provisions of the BIA if and when the Petitioners determines that such a filing is appropriate.

51.  The Petitioners are hereby at liberty to apply for such further interim or interlocutory relief as to it may be advisable within the time limited for Persons to file and serve Responses to the Petition.

52.  Leave is hereby granted to hear any application in these proceedings on two (2) clear days' notice after delivery to all parties on the Service List of such Notice of Application and all affidavits in support, subject to the Court in its discretion further abridging or extending the time for service

53.  Any interested party (including the Petitioner and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to all parties on the Service List and to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

54.  Endorsement of this Order by counsel appearing on this application is hereby dispensed with.

55.    This Order and all of its provisions are effective as of 12:01 a.m. local Vancouver time on the date of this Order.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

APPROVED AS TO FORM:

_____
Counsel for the Petitioners
Heather M.B. Ferris

BY THE COURT

_____
REGISTRAR

Certified a true copy according to
the records of the Supreme Court
at Vancouver, B.C.

This 12 day of Nov 20 15
_____
Authorized Signing Officer

WILLIAM PETTIT